**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LEOTIS FOWLER, | : | CIVIL ACTION NO. 13-3137 (MLC) |
| | : | |
| Petitioner, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| WARDEN H.L. HUFFORD, | : | |
| | : | |
| Respondent. | : | |

**COOPER, District Judge**

The petitioner, Leotis Fowler, is an inmate confined at the Federal Correctional

Institution in Otisville, New York. This case was transferred to this District Court by the

United States District Court for the Southern District of New York ("SDNY"). Fowler

seeks a writ of habeas corpus for a prompt hearing on the revocation of his supervised

release in United States v. Fowler, Crim. No. 93-26 (MLC) ("New Jersey Criminal

Case"). See 28 U.S.C. § 2241. The petition will be denied because Fowler has not

demonstrated a due process violation.

**I. BACKGROUND**

Fowler — after serving a sentence of incarceration for a conviction on narcotics

charges in the New Jersey Criminal Case — was released on June 3, 2004, with five years

of supervised release. Fowler was arrested for "drug trafficking" on March 16, 2006;

more than three years of the five-year term of supervised release remained. In 2007,

Fowler pleaded guilty and was sentenced in the United States District Court for the Eastern District of Pennsylvania to 192 months of imprisonment and four years of supervised release ("Pennsylvania Criminal Case").  See United States v. Fowler, E.D. Pa. Crim. No. 06-693.

While Fowler was in the federal detention center in Philadelphia, Pennsylvania, the United States Marshal in Trenton, New Jersey, issued a detainer relating to his supervised release in the New Jersey Criminal Case.  On or about July 2, 2012, Fowler petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the SDNY challenging, inter alia, the delay in executing his detainer, which makes him ineligible for drug treatment programs, job preparation programs, or certain low-security housing.  See Fowler v. Billingsley, S.D.N.Y. No. 12-5257.  On August 29, 2012, the SDNY transferred that portion of the petition to the District of New Jersey, noting that the sentencing court retains jurisdiction to modify or revoke supervised release.[1]

The District of New Jersey denied the § 2241 petition on February 5, 2013, explaining that Fowler is not (1) entitled to due process protection as to revocation of supervised release until the warrant is executed and he is taken into custody as a supervised-release violator, and (2) being detained under the New Jersey warrant — he is still incarcerated and serving the sentence for the Pennsylvania Criminal Case — and thus

---

[1]  Fowler also challenged the sentence imposed in the Pennsylvania Criminal Case.  The SDNY transferred that portion of the petition to the United States Court of Appeals for the Third Circuit as a successive § 2255 petition.

his challenge was premature.  See Fowler v. Billingsley, D.N.J. No. 12-5671, dkt. entry nos. 5–6 (citing 28 C.F.R. § 2.49(f) (revocation hearing to be scheduled within ninety days of when violator warrant is executed)).

Fowler filed another § 2241 petition challenging the delay in executing the detainer on April 15, 2013, in the SDNY, which transferred that petition here because a sentencing court retains jurisdiction as to supervised release.  (See dkt. entry nos. 1–2, Pet.; dkt. entry no. 4, 5-8-13 SDNY Order.)  This Court administratively terminated this case because neither the $5.00 filing fee nor a complete application to proceed in forma pauperis ("IFP") was submitted.  (See dkt. entry no. 6, 5-20-13 Order.)  On December 2, 2013, Fowler sought a "writ of mandamus", but did not submit either the filing fee or a complete IFP.  (See dkt. entry no. 8.)

This Court then informed Fowler that he had to submit either the filing fee or a complete IFP if he wished to proceed.  (See dkt. entry no. 9, 5-27-14 Order.)  On October 6 and 10, 2014, Fowler submitted an application to proceed and the filing fee.  (See dkt. entry nos. 10–11.)

## II.   ANALYSIS

### A.   Standard of Review

If this Court "find[s] that none of the grounds alleged in the petition would entitle [the petitioner] to relief, the petition would be subject to summary dismissal".  United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (citing Rule 4(b) of Rules Governing Section 2255 Proceedings for U.S. District Courts, which states that petition "shall be

3

examined promptly by the judge to whom it is assigned" and that if it "plainly appears" that petitioner "is not entitled to relief in the district court, the judge shall make an order for its summary dismissal").

### B. Revocation Hearing Is Premature

Fowler's right to a revocation hearing is triggered when the warrant is executed, not when it is issued.  See Moody v. Daggett, 429 U.S. 78, 86–87, 89 (1976) (stating there is no constitutional duty to provide hearing until petitioner is in custody as a violator by execution of warrant); see also Harris v. United States, No. 08-2057, 2009 WL 700786, at *1 (N.D. Tex. Mar. 17, 2009) (noting Moody holds that violator imprisoned for crime committed while on supervised release is not entitled to prompt revocation hearing when violation warrant is issued and lodged with institution of confinement, and right to such hearing accrues when warrant has been executed); Riley v. Holt, No. 04-1976, 2005 WL 1154755, at *2 (M.D. Pa. May 4, 2005) (stating "Due Process right to a revocation hearing accrues when the warrant is executed, not when it is issued").

Fowler is incarcerated for the criminal activity and resulting conviction that triggered the issuance of a federal detainer for his violation of supervised release. Because Fowler is still serving his sentence under the Pennsylvania Criminal Case, the violator warrant has not yet been executed.  Consequently, any challenge related to a revocation hearing is premature until such time that Fowler is actually detained pursuant to the violator warrant.  See 28 C.F.R. § 2.49(f) (concerning rule to schedule hearing

4

when warrant is executed).  Fowler has suffered no loss of a liberty interest due to the outstanding violator warrant, and thus his petition for habeas relief will be denied accordingly.

## III.    CONCLUSION

This Court will deny the petition for habeas relief under 28 U.S.C. § 2241.  The Court will issue an appropriate order and judgment.

     s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:  December 30, 2014